UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTJUAN DARNELL COX,<br><br>Petitioner,<br><br>v.<br><br>ROBERT BURTON,<br><br>Respondent. | Case No. 20-cv-08417-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 1 |

Antjuan Darnell Cox, a prisoner housed at the California Health Care Facility in Stockton, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information: Antjuan Darnell Cox pled nolo contendere and was convicted in Alameda County Superior Court of second degree robbery with use of a firearm and attempted murder. *See* Docket No. 1 at 1. He was sentenced on March 18, 2010 to "25 years/35 years concurrent." Docket No 1 at 1. Cox did not file an appeal, but did file unsuccessful habeas petitions in the state courts. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court

considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition for writ of habeas corpus presents a single claim for relief. Cox alleges that his Fourteenth Amendment right to due process was violated because the judges who presided over his criminal case in Alameda County Superior Court "were without plenary power to adjudicate and render a final judgment upon petitioner because of their failure to perfect title upon their perspective [sic] offices." Docket No. 1 at 5. Specifically, the judges "may have violated their oath of office by failing to file their oaths in the office of the California Secretary of State as mandated by law." Docket No. 1-1 at 2.[1] Cox urges that this failure to "perfect title to the [judicial] office" resulted in the superior court lacking jurisdiction over his case. He does not contend that the judges never took an oath of office, but only that they failed to file their oaths of office properly.

The petition for writ of habeas corpus must be dismissed because it asserts only a state law violation. Federal habeas relief is only available for a violation of the petitioner's rights under "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Violations of state law are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("a 'mere error of state law' is not a denial of due process"); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Any failure to comply with California's oath-filing requirement would be a state law error that cannot be addressed in a federal habeas action. Although Cox alleges that the failure to comply with the California laws regarding the filing of the oath office also amounted to a due process violation, he

---

[1] The law the judges allegedly failed to comply with is California Government Code section 1363(a)(3), which provides: "Each judge of a superior court, the county clerk, the clerk of the court, the executive officer or court administrator of the superior court, and the recorder shall file a copy of his or her official oath, signed with his or her own proper signature, in the office of the Secretary of State as soon as he or she has taken and subscribed his or her oath." Cox also urges that the failure to file a copy of the oath with the California Secretary of State violated the California Political Code, but that Code was repealed and replaced by the California Government Code in 1943. *See* https://heinonline.org/HOL/Page?handle=hein.lbr/hencalgu0001&id=79&collection=lbr.

"may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.), *cert. denied*, 522 U.S. 881 (1997). He cites no cases – nor has the court found any cases – holding that a state court judge's failure to file his or her oath of office with a state governing or record-keeping body deprives the judge or court of jurisdiction over a criminal case or violates a criminal defendant's federal right to due process.

The jurisdiction of a court to preside over state criminal matters generally is a state-law question. *See Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (denying habeas relief because "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("The question of whether the Missouri courts had jurisdiction to sentence Poe was one solely of state law and is therefore not properly before this court.").

Many lower courts have dismissed federal habeas claims that a defect in the judge's oath filing obligation deprives the state criminal court of jurisdiction. *See, e.g., Caldwell v. Sherman*, 2020 WL 6694321, at *4–5 (C.D. Cal. Sept. 21, 2020) ("whether a state trial judge had an oath of office on record at the time of a conviction or sentence is purely a matter of state law that is not cognizable on federal habeas review"); *Davis v. Ryan*, 2020 WL 2520182, at *4 (D. Ariz. May 18, 2020) (recommending denial of habeas relief because "even if Petitioner had demonstrated a problem with Judge Coury's oath, this would present a pure state-law question not cognizable on habeas review" and "given Petitioner's failure to challenge the qualifications or oath of the judge who sentenced him . . . [, he] also fails to show the alleged failure to follow state procedures resulted in the deprivation of a substantive right"); *Davis v. Shinn*, 2020 WL 4455465, at *8–9 (D. Ariz. Mar. 20, 2020), *report and recommendation adopted sub nom. Davis v. Ryan*, 2020 WL 2520182 (D. Ariz. May 18, 2020) (dismissing habeas petitioner's claim that State of Arizona lacked jurisdiction because judge had not been sworn into office at the time petitioner was convicted as a noncognizable state law claim); *Coleman v. Brown*, 2017 WL 1233333, at *1 (N.D. Cal. Apr. 4, 2017) (noting that habeas claim that state court judges who presided over criminal trial did not timely file their oaths of office was dismissed because it was an error of state law); *Tighe v. Berghuis*, 2016 WL 10704407, at *2 (W.D. Mich. 2016) (recommending denial of claim as not

cognizable where "judges who presided over [the petitioner's] case failed to comply with Michigan law governing their oaths of office."); *Jones v. Ryan*, 2010 WL 2035794, at *4–5 (D. Ariz. May 20, 2010), *report and recommendation adopted sub nom. Jones v. Walker*, 2010 WL 2491455 (D. Ariz. June 17, 2010) (finding that allegation that trial judge lacked authority to preside over criminal trial due to her failure to renew her oath of office failed to state a cognizable federal habeas claim because petitioner was "only asserting a violation of state law regarding the presiding judge's qualifications"); *cf. Jimenez v. Fourth Judicial Dist. Attorney's Office*, 663 F. App'x 584, 586–87 (10th Cir. 2016) (dismissing § 1983 claim, stating "we are aware of no authority which would support a claim that this type of technical error in a state judicial appointment [i.e., failure to file the oath of office with the Secretary of State in accordance with state law] is a violation of Due Process.").

Cox cites two cases, but neither one provides authority for his proposition that a failure to comply with the state's filing requirement for an oath of office amounts to a due process violation. His first case, *Pobursky v. Papagni*, 2013 WL 321695 (E. D. Cal. Jan. 24, 2013), involved a petition that made such a claim but the court dismissed the petition as moot and never reached the merits of the claim. His other case, *Norton v. Lewis*, 34 Cal. App. 621 (Cal. Ct. App. 1917), held that a member of the board of supervisors who failed to promptly file a bond upon being reelected to his office forfeited his right to the office. The court in *Norton* did not discuss judicial authority nor whether a judgment entered by a judge who had not filed an oath of office was legally deficient, let alone violative of a criminal defendant's constitutional rights.

The state criminal court judges' alleged failure to file their oaths of office with the California Secretary of State may have been a violation of state law, but did not amount to a violation of Cox's Fourteenth Amendment right to due process. The only claim that Cox presents in his petition for writ of habeas corpus is a state-law claim that cannot support federal habeas relief. The petition must be dismissed.

4

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. Due to the dismissal of the petition for failure to state a claim, the court need not reach the question of whether the petition filed more than a decade after the conviction was timely filed. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 3, 2021

_____
SUSAN ILLSTON
United States District Judge